UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JONES, #529086,

      Plaintiff,                                  Hon. Robert J. Jonker

v.                                                 Case No. 1:24-cv-256

UNKNOWN JUAREZ, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). The events giving rise to this action, however, occurred while Plaintiff was incarcerated at the Carson City Correctional Facility (DRF) and the Bellamy Creek Correctional Facility (IBC). Plaintiff initiated this action against the following DRF employees: Corrections Officers Unknown Juarez, Unknown Copeland, Unknown Giles, and Unknown Horne, Sergeant Unknown VanKrimpim, and Hearing Investigators Unknown Party #1, Unknown Smith, and Unknown Kurtz. Plaintiff also sued the following IBC employees: Grievance

-1-

Coordinator Nathan Brooke, Inspector Riccardo Harrison, Assistant Deputy Warden Unknown Hadden, and Hearing Investigator Unknown Novak. In his complaint, Plaintiff alleges the following.

Beginning in September 2023, Defendant Juarez repeatedly made sexually harassing comments to Plaintiff, such as telling him that he had a "fat ass, nice cock sucking lips, and that he wanted to have sex with [Plaintiff]." Plaintiff reported Juarez's behavior, but prison staff merely laughed at Plaintiff and told him that he should just accept Defendant Juarez's advances.

On November 26, 2023, Defendant Juarez again told Plaintiff that he had a "fat ass." Plaintiff responded that he "did not go that way [so] cut it out." Plaintiff returned to his cell and shut the door. Shortly thereafter, Defendant Juarez entered Plaintiff's cell and reached out to grab Plaintiff's groin. Plaintiff responded by punching Juarez in the face.

Later that day, Plaintiff asked Defendant Giles to provide him with a Prison Rape Elimination Act (PREA) grievance form, but Defendant Giles refused, stating, "choke on it fag." Defendant Giles later confiscated several items of Plaintiff's personal property. Defendant Horne walked past Plaintiff's cell and asked, "how did you like getting your dick touched?" Defendant VanKrimpim later told Plaintiff that "if he was at MR he would have made Plaintiff eat all of the steps."[1] Defendant Giles also told Plaintiff that he would "stick his fingers in [Plaintiff's] ass."

---

[1] Plaintiff does not explain what this comment references.

-2-

Plaintiff was charged with a misconduct violation for punching Defendant Juarez following which Defendants Unknown Party #1, Smith, and Kurtz informed Plaintiff that they would cover-up Juarez's actions and make sure Plaintiff was found guilty of the misconduct charge. They also told Plaintiff that they would make sure he did not receive appeal forms and would be unable to appeal the misconduct conviction.

On November 27, 2023, Plaintiff attempted to file a PREA grievance by giving it to Defendant Copeland who simply threw it away. Plaintiff was subsequently transferred to IBC in retaliation. Plaintiff filed a grievance against Defendant Copeland, but it was rejected by Defendants Brooke and Hadden. Defendants Brooke, Hadden, and Harrison also informed Plaintiff that his PREA complaint would be determined to be "unfounded."

Plaintiff, who admitted striking Juarez, was found guilty of the misconduct charge. Defendant Novak later came to Plaintiff's cell and told Plaintiff that he could not get an appeal form to appeal his misconduct conviction. Plaintiff asked other staff members for an appeal form, but they ignored him.

Plaintiff alleged that Defendants violated his First and Eighth Amendment rights, denied him due process, and engaged in a conspiracy to deprive him of his rights. Plaintiff also advanced various state law claims. Most of Plaintiff's claims were dismissed on screening. (ECF No. 5-6). At this juncture, the only claims remaining in this matter are (1) Eighth Amendment claims against Defendant Juarez, and (2)

First Amendment retaliation claims against Defendants Brooke, Harrison, Copeland, Hadden, Giles, Novak, Smith, Kurtz, and Unknown Party #1.   (ECF No. 5-6).

Defendants Brooke, Harrison, Copeland, Hadden, Giles, Novak, Smith, and Kurtz now move for summary judgment on the ground Plaintiff has failed to properly exhaust his administrative remedies.   Plaintiff has failed to respond to Defendants' motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants have presented evidence that during the relevant time-period Plaintiff failed to pursue any grievance through all three steps of the grievance process.   (ECF No. 15-3, PageID.114-15).   Plaintiff has failed to respond to Defendants' motion and, therefore, has failed to present any evidence indicating a genuine factual dispute on the question whether he properly exhausted his administrative remedies regarding his remaining claims against the moving Defendants. Because Defendants' unrefuted evidence satisfies their burden on the exhaustion question, the undersigned recommends that Defendants' motion be granted and Plaintiff's remaining claim against Defendants Brooke, Harrison, Copeland, Hadden, Giles, Novak, Smith, and Kurtz be dismissed without prejudice for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 14), be granted and Plaintiff's remaining claim against Defendants Brooke, Harrison, Copeland, Hadden, Giles, Novak, Smith, and Kurtz be dismissed without prejudice for failure to exhaust administrative remedies.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: October 10, 2024                      /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge