UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JONES #529086,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                  Case No. 1:24-cv-256

UNKNOWN JUAREZ, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 21). Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted. The undersigned further recommends that Plaintiff's claim against Unknown Party #1 be dismissed without prejudice for failure to timely effect service, and that this case be closed.

## BACKGROUND

Plaintiff initiated this action on March 12, 2024, against numerous employees of the Michigan Department of Corrections. (ECF No. 1). At this stage in the proceeding, the only remaining claims are that (1) Defendant Juarez sexually assaulted Plaintiff in violation of the Eighth Amendment and (2) Unknown Party #1 retaliated against Plaintiff in violation of the First Amendment.

In the complaint, Plaintiff alleges that on November 26, 2023, Defendant Juarez told Plaintiff that he had a "fat ass." Plaintiff responded that he "did not go that way [so] cut it out." Plaintiff returned to his cell and shut the door. Shortly thereafter, Defendant Juarez entered Plaintiff's cell and reached out to grab Plaintiff's groin. Plaintiff responded by punching Defendant Juarez in the face.

Defendant Juarez now moves for summary judgment. (ECF No. 21, 22). He argues that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. He also contends that he is entitled to qualified immunity. Plaintiff has failed to respond to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*,

440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving

party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## ANALYSIS

### I.  Defendant Juarez

The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia,* 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson,* 800 F.2d 600, 604 (6th Cir. 1986). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson,* 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers,* 43 F.3d 1034, 1037 (6th Cir. 1995)). There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001)).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.,* 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted). The Sixth Circuit, however, has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Id.* (*quoting Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)). In contrast, repeated and extreme incidents may sufficiently state a claim. *Id.* at 1095-96.

Defendant argues that Plaintiff fails to prove the objective component. The undersigned agrees. Plaintiff's allegations are of a minor and isolated incident of sexual touching, which is insufficient for the purposes of his Eighth Amendment claim. The security video shows Defendant Juarez approaching Plaintiff's cell to close the cell door. (ECF No. 22-4). Defendant Juarez is seen placing his right hand on the door to close it before pushing it back open. With his right hand still visible on the door, Defendant Juarez steps into the cell and is instantly punched in the face by Plaintiff. In the opinion of the undersigned, the record establishes at most only an "isolated, brief, and not severe instance of sexual harassment that does not give rise to an Eighth Amendment violation." *See Rafferty*, 915 F.3d at 1095 (cleaned up).

Plaintiff has presented no evidence to the contrary. Defendant Juarez has demonstrated, therefore, the absence of factual dispute on the question of whether

his conduct violated the Eighth Amendment. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be granted.

## II.    Unknown Party #1

Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is set forth in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On June 27, 2024, the Court ordered that Plaintiff's complaint be served. (ECF No. 10). The Order informed Plaintiff that "the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order." (*Id.* at PageID.73). Plaintiff has neither requested an extension of time to effect service on Unknown Party #1 nor requested the Court's assistance in identifying this individual. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claim against Unknown Party #1 be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 21) be granted. The undersigned further recommends that Plaintiff's claim against Unknown Party #1 be dismissed without prejudice for failure to timely effect service, and that this case be closed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 23, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge